IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2434-S-BN |
| | § | |
| UPS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Christopher Jones filed a *pro se* complaint alleging that he was wrongfully terminated, in violation of the Family and Medical Leave Act (the "FMLA"). *See* Dkt. No. 3. Jones also moved for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 5. And the presiding United States district judge referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Jones's IFP motion, subjecting his claims to screening under 28 U.S.C. § 1915(e)(2), and allowed Jones leave to file an amended complaint. *See* Dkt. No. 6. And Jones ultimately filed an amended complaint. *See* Dkt. No. 17.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss Jones's claims as amended with prejudice for failure to state a claim on which relief may be granted.

**Legal Standards**

Section 1915(e)(2) requires that the Court "dismiss the case at any time" if it

"fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Court is therefore "statutor[ily] mandate[d] to dismiss a complaint whenever it becomes apparent to the court that no claim for relief is stated." *Harmon v. Nguyen*, No. 3:14-cv-2038-D-BN, 2016 WL 750923, at *5 (N.D. Tex. Feb. 4, 2016) (quoting *Moore-Bey v. Cohn*, 69 F. App'x 784, 787-88 (7th Cir. 2003) (per curiam)), *rec. adopted*, 2016 WL 740381 (N.D. Tex. Feb. 25, 2016).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). Accordingly, the pleading requirements set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply to the Court's screening of a complaint filed IFP.

Considering these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, just "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

In sum, to survive dismissal, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

And "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

## Analysis

Jones's initial complaint did not meet the pleading standards set out above. So the Court entered a notice of deficiency, which set out substantially the same

standards and added:

> because Jones appears to be alleging employment-based claims related to the FMLA, to plausibly allege (and ultimately prove) such claims against an employer or former employer requires that a plaintiff either rely on direct evidence or proceed under a burden-shifting analysis.
>
> "[D]irect evidence is rare" and has been defined by the Fifth Circuit "as evidence which, if believed, proves the fact without inference or presumption." *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 579 (5th Cir. 2020) (cleaned up). For example, "[a] statement or document which shows on its face that an improper criterion served as a basis – not necessarily the sole basis, but a basis – for the adverse employment action [is] direct evidence of discrimination." *Id.* (cleaned up).
>
> Insofar as Jones lacks such direct evidence, the first step in the burden-shifting analysis requires that a plaintiff articulate a prima facie case as to each cause of action.
>
> And, considering that it appears that Jones is alleging wrongful termination in violation of the FMLA,
>
>> [p]ursuant to the FMLA, "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12–month period ... [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). The FMLA protects employees from interference with their leave, as well as discrimination or retaliation for exercising their rights. 29 U.S.C. §§ 2615(a)(1)-(2). To establish a prima facie case for discrimination or retaliation under the FMLA, a plaintiff must demonstrate that she is protected under the FMLA; she suffered an adverse employment decision; and that she was treated less favorably than an employee who had not requested leave under the FMLA or that the adverse decision was made because of her request for leave. *Bocalbos v. Nat'l Western Life Ins. Co.*, 162 F.3d 379, 384 (5th Cir. 1998).

*Comeaux-Bisor v. YMCA of Greater Houston*, 290 F. App'x 722, 724-25 (5th Cir. 2008) (per curiam).

A plaintiff need not establish a prima facie case at the pleading stage. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019); *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013).

But a plaintiff must "plead sufficient facts on all of the ultimate elements of his claim to make his case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (citations omitted).

A district court may therefore rely on the prima facie elements "to frame [its] inquiry" at the pleading stage. *Norsworthy v. Hous. Indep.*

*Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023); *see also Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) (*Raj* "does not exempt a plaintiff from alleging facts sufficient to establish the elements of her claims." (citations omitted)); *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 387 n.1 (5th Cir. 2017) ("Although not a pleading standard, this court has looked to the 'evidentiary framework' set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to determine whether a plaintiff pleads discriminatory intent." (cleaned up)).

So, at this stage, the Court must ask whether Jones has alleged enough facts, accepted as true, to allege an actionable employment-based claim. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002).

And, if Jones "has not pled such facts," it is "proper[ to] dismiss" that claim. *Meadows*, 731 F. App'x at 318; *see also Cicalese*, 924 F.3d at 766-67 (noting that the district court's "task is to identify the ultimate elements of [the applicable employment-related] claim and then determine whether the" plaintiff has pled those elements but that a "district court err[s if it] require[es a plaintiff] to plead something beyond those elements to survive a motion to dismiss").

Dkt. No. 6 at 3-5.

After the Court notified Jones of these pleading standards, he filed an amended complaint in which he explained that, during training after he was hired, he was instructed that, "if you are loading or unloading [and] if I stop the conveyor belt I'm the only person that can start it back." Dkt. No. 17 at 1. Despite this training, a supervisor restarted the conveyor belt after Jones "stopped it to fix a jam of boxes." *Id*. But Jones did not complain. *See id*.

Jones also alleges, without further explanation, that he "felt [he] was not being treated fairly by one Hispanic supervisor whose name [Jones] never knew." *Id*. at 2.

But Jones's chief complaint appears to be that he "feel[s he] was retaliated against because [he is] a felon" where he injured his neck after being instructed to lift too much on his own while working a double shift. *Id*. at 2-3.

Jones's amended allegations neither allege a plausible claim under the FMLA considering the prima facie elements set out above nor do they otherwise implicate a wrongful employment claim – *e.g.*, retaliation or termination in violation of Title VII of the Civil Rights Act of 1964 – considering that the only class Jones identifies as belonging to is as a felon and "felons are not a protected class." *Crook v. El Paso Indep. Sch. Dist.*, 277 F. App'x 477, 480 (5th Cir. 2008) (per curiam) (citing 42 U.S.C. § 2000e-2(a)); *see also Williams v. Leading Edge Aviation*, No. 2:04-cv-156, 2004 WL 1656636, at *1 (N.D. Tex. July 23, 2004) ("In relevant part, Title VII prohibits discrimination by an employer based on an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). Plaintiff has utterly failed to allege membership in a protected class. The only characteristic he has pointed to is his status as a convicted felon; however, felons are not a protected class under Title VIII."), *rec. adopted*, 2004 WL 2600509 (N.D. Tex. Nov. 15, 2004).

The Court should therefore dismiss Jones's claims with prejudice because, prior to his filing an amended complaint, the Court "apprised of the insufficiency" of his initial allegations, thus Jones has now stated his "best case." *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (citations omitted).

### Recommendation

The Court should dismiss this lawsuit with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 8, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE